## CLARENCE W. MARKS
### v.
### H. L. ANDERSON.

1. STATEMENT.—Plaintiff suing for an alleged balance of wages, offered no testimony under a *quantum meruit*, but relied solely upon an alleged special promise made by defendant in January, 1881, that if he, plaintiff, would remain in defendant's employment, he would make his pay the same as it was in 1880 if not better. Defendant denied the making of such promise.

2. COMPENSATION FOR SERVICES—PREPONDERANCE OF EVIDENCE.— The court is of opinion that if the special promise was established by a preponderance of the evidence, which it regards as doubtful, that $2,100, made up in part by a stated weekly salary and partly by presents in form by defendant, but treated as salary by plaintiff, must be regarded as the standard by which plaintiff was to be compensated for the services of 1881, and that plaintiff can not be permitted to treat the former presents as salary for the purpose of producing the standard of $2,100 for the year 1880, and then, under a special promise by defendant to do as well by him, if not better, during 1881, repudiate the presents of the latter year. If the special promise was not established by the plaintiff by a preponderance of the evidence, the judgment below was not justified by the evidence.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed June 27, 1883.

Mr. ELDRIDGE HANECY, for appellant; that a party who makes an affirmative allegation must maintain it by proof and his proof must be superior to that offered by his adversary, or the negative will be presumed, cited Bonnell v. Wilder, 67 Ill. 327; Watt v. Kirby, 15 Ill. 200; Singer v. Jennison, 60 Ill. 443; U. Nat. Bank v. Wilder, 45 Ill. 375; McCarthy v. Mooney, 41 Ill. 247; Lowry v. Orr, 1 Gilm. 83; C. B. & Q. R. R. Co. v. Gregory, 58 Ill. 277.

As to setting aside a verdict, when there is no evidence to sustain the verdict or where the verdict is against the weight of the evidence: Reynolds v. Lambert, 69 Ill. 495; Booth v. Hynes, 54 Ill. 363; Bonnell v. Wilder, 67 Ill. 327; Dalton v. Clough, 50 Ill. 47.

As to preponderance of evidence: Broughton v. Smart, 59 Ill. 445; Gore v. Campbell, 4 Bradwell, 510; Adsit v. Smith, 52 Ill. 412.

When there is an express contract, a recovery can not be had under an implied one: 1 Chitty on Pleading, 338.

The judgment is excessive and can not stand: Pierce v. Roche, 40 Ill. 292; Schwabacker v. Wells, 49 Ill. 257; Kirkpatrick v. Howk, 80 Ill. 122; White v. Gray, 4 Bradwell, 228.

Mr. GRAHAM H. HARRIS, for appellee; that as almost all the evidence given by appellee was given in response to questions put by counsel for appellant, he has made him his own witness, touching those facts as to which he was not interrogated by plaintiff's counsel, and appellant's counsel can not now be heard to contradict him, cited Lloyd v. Thompson, 5 Bradwell, 96; 1 Greenleaf on Ev. § 445; Stafford v. Fargo, 35 Ill. 481; Hill v. Ward, 2 Gilm. 295; Bates v. Buckley, 2 Gilm. 394.

When the evidence is conflicting the appellate court will not disturb the finding: Addems v. Suver, 89 Ill. 484; Bell v. Gordon, 86 Ill. 501; Stickle v. Otto, 86 Ill. 161; W. C. A. Works v. Sheer, 8 Bradwell, 369; Lennon v. Goodspeed, 89 Ill. 440.

PER CURIAM. This suit was brought by Anderson against Marks to recover an alleged balance of wages or salary, for

Marks v. Anderson.

services by the former as salesman for the latter, during the year 1881.

The case was tried by the court without a jury, and the two parties were the only witnesses. The plaintiff offered no testimony, under a *quantum meruit*, but relied solely upon an alleged special promise made by defendant in the early part of January, 1881, that if the plaintiff would remain in defendant's employment, he would make his pay the same as it was in 1880, if not better. The plaintiff testified to the making the promise by the defendant, and the latter explicitly denied it. It appeared that the stated wages of the plaintiff for the four years prior to 1881, had been $20 per week and regularly paid at that rate every Saturday night; but, that, during those four years, the defendant each year had made what he called presents to the plaintiff, but which the latter treated as salary, varying in amount each year, so that with what plaintiff received as stated wages, at $20 per week, and what in the form of presents, the gross amount for the year 1880, was $2,100, and this plaintiff testified was his salary for that year, and, viewing the evidence in the most favorable light for plaintiff, who was subject to the burden of proving the special promise by a preponderance of evidence, we think that $2,100, made up in part by a stated weekly salary, and partly by presents in form, by defendant, but treated as salary by plaintiff, must be regarded as the standard by which the plaintiff was to be compensated for the services of 1881. Now it appeared in the case by undisputed evidence, that in pursuance of the custom of dealing between these parties for years previous, the one bestowing as presents and the other receiving and crediting as salary, the defendant, in the early part of the summer of 1881, let the plaintiff have a horse, buggy, harness and outfit, which plaintiff had been in want of, and that during that year he also let him have a one hundred dollar government bond, all made over in the form of presents, as in 1880, and previous years. The horse, buggy, harness, etc., were shown to have been worth between four and five hundred dollars. Plaintiff admitted in this testimony that during 1881, he had received of defendant by way of

payment of a stated salary, and exclusive of the bond, horse, buggy, and harness, the sum of $1,283.30 in cash.

The court found that there was due the plaintiff, the sum of $1,020.60, and gave judgment for that amount. It appears that the amount so allowed, together with the sum of $1,283.30, which plaintiff admitted having received during 1881, in cash exceeds the sum of $2,100, which the plaintiff claimed was the amount of his salary, or wages for 1880, by upwards of $20. Now, if the special promise was not established by the plaintiff by a preponderance of the evidence, then the judgment below was not justified by the evidence. If, on the other hand such promise was so established, which we very much doubt, then, in accordance with the previous dealings of the parties, and their presumed intention, the fair value of the horse, buggy, harness, and the government bond, should have been allowed as a credit to defendant, the same as supposed presents had been so allowed by the plaintiff during the year 1880, and previous years.

In other words, the plaintiff can not be permitted to treat the former presents as salary for the purpose of producing the standard of $2,100, for the year 1880, and then, under a special promise, by defendant to do as well by him, if not better during 1881, repudiate the presents of the latter year. It was conceded by the plaintiff's counsel on argument in this court, that the court below did not allow such credits. It is the opinion of a majority of the court that the judgment below should be reversed and the cause remanded for a new trial.

Reversed and remanded.

WILSON, J. I am wholly unable to concur in opinion with the majority of the court in reversing the judgment of the court below.